UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-cv-22254-GAYLES/OTAZO-REYES

**EDGINA T. HENDRIX-SMITH**,

    Plaintiff,

v.

**SANTANDER CONSUMER USA, and**
**PRA RECEIVABLES MANAGEMENT,**
**LLC, d/b/a Portfolio Recovery**,

    Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Magistrate Judge Alicia M. Otazo-Reyes's Report and Recommendation (the "Report") [ECF No. 50] regarding Defendant Santander Consumer USA's Motion to Dismiss Plaintiff's Complaint [ECF No. 8] and Defendant Portfolio Receivables Management, LLC's Motion to Dismiss Complaint [ECF No. 10] (collectively, the "Motions"). On June 1, 2020, Plaintiff Edgina T. Hendrix-Smith filed a two-count Complaint against Defendants for alleged violations of: (1) the Fair Credit Reporting Act ("FCRA") and the Fair Debt Collection Practices Act ("FDCPA") (Count I) and (2) the Federal Trade Commission Act ("FTCA") (Count II). [ECF No. 1]. On June 18, 2020, Defendants separately filed their Motions. [ECF Nos. 8 & 10]. On October 7, 2020, the Court referred this case to Judge Otazo-Reyes, pursuant to 28 U.S.C. § 636(b)(1)(B), for a ruling on all pre-trial, non-dispositive matters and a report and recommendation on all dispositive matters. [ECF No. 43]. On February 16, 2021, Judge Otazo-Reyes issued her Report recommending that the Motions be granted. [ECF

No. 50]. The Report recommends that Plaintiff's FCRA and FTCA claims be dismissed with prejudice, and Plaintiff's FDCPA claim be dismissed without prejudice. *Id.* at 15.

On February 23, 2021, prior to the objection period passing, Plaintiff filed a Notice of Interlocutory Appeal as to Judge Otazo-Reyes's Omnibus Order. [ECF No. 54]. On April 26, 2021, the United States Court of Appeals for the Eleventh Circuit granted Defendant Santander Consumer USA's motion to dismiss the appeal for lack of jurisdiction, noting that the Eleventh Circuit "lack[ed] jurisdiction because the appeal is not taken from an appealable final order, as the magistrate judge's [Report and Recommendation] has not been adopted by the district court." *See Hendrix-Smith v. Santander Consumer USA*, No. 21-10571 (11th Cir. Apr. 26, 2021). On May 7, 2021, the Court lifted the stay and re-opened this matter, providing the parties until May 13, 2021, to file any objections to the Report. [ECF No. 61]. No objections were timely filed.

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objections are made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objections are made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

Having conducted a review of the record for clear error, the Court agrees with Judge Otazo-Reyes's well-reasoned analysis and conclusion that the Motions should be granted.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Judge Alicia M. Otazo-Reyes's Report and Recommendation, [ECF No. 50], is **AFFIRMED AND ADOPTED** and incorporated into this Order by reference.

2. Defendant Santander Consumer USA's Motion to Dismiss Plaintiff's Complaint, [ECF No. 8], is **GRANTED**.

3. Defendant Portfolio Receivables Management, LLC's Motion to Dismiss Complaint, [ECF No. 10], is **GRANTED**.

4. Plaintiff's Fair Credit Reporting Act and Federal Trade Commission Act claims, [ECF No. 1], are **DISMISSED with prejudice**.

5. Plaintiff's Fair Debt Collection Practices Act claim, [ECF No. 1], is **DISMISSED without prejudice**.

6. Plaintiff may request leave to file an amended complaint as to the Fair Debt Collection Practices Act claim on or before **June 7, 2021**. Failure to do so will result in the Court dismissing this action *with prejudice*.[1]

7. This case is **CLOSED** for administrative purposes.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 17th day of May, 2021.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

[1] If Plaintiff wishes to amend her Complaint, she must request leave to file an amended complaint in a properly filed motion before the Court. *Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009) ("Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly." (citation omitted)); *see also Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999) (per curiam) (stating that "[f]iling a motion is the proper method to request leave to amend a complaint," and in moving for leave to amend, a plaintiff must comply with Federal Rule of Civil Procedure 7(b) by either "set[ting] forth the substance of the proposed amendment or attach[ing] a copy of the proposed amendment").